IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                  No. 4:11-CR-40037-044

CHANNING PENNINGTON                                                                         DEFENDANT

## ORDER OF DETENTION

The record reflects that on August 1, 2016, the Defendant appeared for an initial appearance on a Petition for Action on alleged violations of Supervised Release. ECF No. 1735. The Petition alleged new criminal law violations, failure to report to the United States Probation Office (USPO) as directed, failure to be truthful to the USPO, failure to maintain employment, and failure to keep the USPO apprised of any change of address. Defendant was appointed counsel and waived a detention hearing. ECF No. 1741. Thereafter, Defendant requested a detention hearing and one was scheduled for September 12, 2016. As discussed below, I find the Defendant should be **DETAINED** pending a final revocation hearing.

### A. Standard for Release

In any case involving a petition to revoke supervised release the court is governed by F.R.Cr. P. 32.1. Rule 32.1(a)(6) states:

> **Release or Detention**. The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing that the person will not flee or pose a danger to any other person or to the community rests with the person [the defendant].

The court must consider the factors set out in 18 U.S.C. § 3142 when making a detention decision under Rule 32.1. Unlike a pretrial proceeding, in a revocation proceeding, the defendant has the

burden of establishing by clear and convincing evidence he is neither a risk of flight or a danger to others or the community.

### B. Detention Hearing

The Government called United States Probation Officer Christie Constant. Ms. Constant testified regarding Defendant's failure to comply with all of the terms and conditions of his supervised release. Specifically, she testified regarding pending state criminal charges, in both Arkansas and Texas, wherein the Defendant is alleged to have possessed with intent to distribute controlled substances. She also testified regarding a recent allegation of domestic violence. The charge of domestic violence was ultimately dismissed by state authorities after the complaining witness recanted her statement.[1]

The Government also relied on the USPO recommendation of no release pending a final hearing.

The Defendant called no witnesses. Defense counsel proffered, the following facts:

1. Defendant was eligible to reapply for employment at Buffalo Wild Wings.

2. Defendant had in fact worked for Tyson's Inc. for a period of time.

3. One of the pending state charges for possession of a controlled substance could be charged as a misdemeanor rather than a felony.

The undersigned reviewed the evidence and information submitted by the parties, the Indictment, the information and recommendation of the USPO, and the argument of counsel.

---

[1] The government also called Ms. Tiaera Adams. Ms. Adams is the girlfriend of the Defendant and lives with him. After some testimony Ms. Adams invoked her 5th Amendment privilege against self incrimination and refused to answer further questions. I dismissed her from the witness stand, struck her testimony and have not considered that testimony here.

Pursuant to Rule 32.1(a)(6), the Court finds as follows:

### B.  Findings of Fact pursuant to 18 U.S.C. § 3142(g)

1.  **Nature and circumstances of the offense charged**: The Defendant is alleged to have committed new criminal law violations.  Particularly, controlled substance crimes and crimes of violence.  This factor weighs in favor of detention.

2.  **Weight of the evidence against the person charged:** The probation officer testified regarding the allegations.  At this point it appears the Defendant in fact violated the terms of his Supervised Release.  This factor weighs in favor of detention.

3. **History and characteristics of the person charged:**  While he lives in the community, he has a history of failure to appear and failure to follow court orders.  He also has a history in this case of failure to comply with the directions of the USPO.  This factor weighs in favor of detention.

4. **Nature and seriousness of the danger to any other person**: Defendant is alleged to have committed a new and specific controlled substance crime. There was an allegation made he physically assaulted his girlfriend (although she later recanted).  He has failed to comply with conditions of Supervised Release and I have no confidence he would comply going forward.  This factor weighs in favor of detention.

### C. Conclusions[2]

1.  Defendant has failed to establish by clear and convincing evidence he would not be a danger to others or to the community.

2. .  Defendant has failed to establish by clear and convincing evidence that he is not a flight

---

[2] I also incorporate by reference the findings announced from the bench at the conclusion of the hearing on September 12, 2016.

risk.

Accordingly, the Defendant is remanded to the United States Marshal Service pending final revocation hearing.[3]

**SO ORDERED** this **13th day of September 2016.**

/s/ Barry A. Bryant
HONORABLE BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3]Defendant was remanded to the Marshal's custody at the conclusion of the hearing on September 12, 2016.